

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
BEAUFORT DIVISION**

| | | |
|---|---|---|
| TEDRIC DELVION HILL, | § | |
| Petitioner, | § | |
| | § | |
| vs. | § | CIVIL ACTION NO. 5:18-00344-MGL |
| | § | |
| WARDEN, Kershaw Correctional Institution, | § | |
| Respondent. | § | |

**ORDER ADOPTING THE REPORT AND RECOMMENDATION
AND DISMISSING PETITIONER'S HABEAS PETITION WITH PREJUDICE**

Petitioner Tedric Delvion Hill filed this as a 28 U.S.C. § 2254 petition. He is proceeding pro se. The matter is before the Court for review of the Report and Recommendation (Report) of the United States Magistrate Judge suggesting Hill's petition be dismissed with prejudice. Specifically, the Magistrate Judge recommends the Court dismiss this action because (1) it is untimely and (2) Hill has neglected to provide any proper reason for the Court to excuse the delay. Report 5. The Report was made in accordance with 28 U.S.C. § 636 and Local Civil Rule 73.02 for the District of South Carolina.

The Magistrate Judge makes only a recommendation to this Court. The recommendation has no presumptive weight. The responsibility to make a final determination remains with the Court. *Mathews v. Weber*, 423 U.S. 261, 270 (1976). The Court is charged with making a de novo determination of those portions of the Report to which specific objection is made, and the Court may

accept, reject, or modify, in whole or in part, the recommendation of the Magistrate Judge or recommit the matter with instructions. 28 U.S.C. § 636(b)(1).

The Magistrate Judge filed the Report on May 29, 2018, but Petitioner Hill failed to file any objections. "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310, 315 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note). Moreover, a failure to object waives appellate review. *Wright v. Collins*, 766 F.2d 841, 845-46 (4th Cir. 1985).

"[T]he one-year limitation period" for the filing of a § 2254 "is an affirmative defense that the state bears the burden of asserting." *Hill v. Braxton*, 277 F.3d 701, 705 (4th Cir. 2002). Because the Court, and not the state, is raising the defense, the Court thinks it necessary to explain its determination there is no clear error on the face of the record and it is appropriate to dismiss this action for its untimeliness.

"Even though the limitations period is an affirmative defense, a federal habeas court has the power to raise affirmative defenses sua sponte." *Id*. Nevertheless, "the district court's discretion to raise an affirmative defense to a § 2254 petition sua sponte and then dismiss the petition based on that affirmative defense is not completely unfettered." *Id*. at 706.

In a case such as this, "when a federal habeas court, prior to trial, perceives a pro se § 2254 petition to be untimely and the state has not filed a motion to dismiss based on the one-year limitations period, the [C]ourt must warn the prisoner that the case is subject to dismissal [as time barred] absent a sufficient explanation[.]" *Id*. at 707.

Here, the Magistrate Judge raised the timeliness issue sua sponte and Hill was given an opportunity to file objections and explain to the Court why it ought not dismiss his petition for its untimeliness. He neglected to do so. Hence, dismissal is proper.

After a thorough review of the Report and the record in this case pursuant to the standard set forth above, the Court adopts the Report and incorporates it herein. Therefore, it is the judgment of the Court Hill's petition is **DISMISSED WITH PREJUDICE**.

To the extent Hill requests a certificate of appealability from this Court, that request is **DENIED**.

**IT IS SO ORDERED**.

Signed this 21st day of June, 2018, in Columbia, South Carolina.

s/ Mary Geiger Lewis
MARY GEIGER LEWIS
UNITED STATES DISTRICT JUDGE

*****
**NOTICE OF RIGHT TO APPEAL**

Hill is hereby notified of the right to appeal this Order within thirty days from the date hereof, pursuant to the Federal Rules of Appellate Procedure.